UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VINCENT E. ZIRKER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 3:09-cv-00403 |
| ) | Judge Trauger |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

The movant, Vincent E. Zirker, originally filed this *pro se* action under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (Docket Entry No. 1), to which the Government filed a response (Docket Entry No. 23). The court appointed counsel and later denied the movant's claims and dismissed this action. (Docket Entry Nos. 8, 54, 55.) The movant's appointed counsel filed a Motion to Reconsider (Docket Entry No. 57), which the court granted. (Docket Entry No. 58.) The movant's counsel filed a Memorandum Of Law In Support Of 2255 Motion (Docket Entry No. 59), to which the respondent filed a response (Docket Entry No. 62). The movant, acting *pro se*, later filed a Motion To Amend Motion To Vacate, Set Aside, Or Correct Sentence (Docket Entry No. 73) and supplemental memorandum (Docket Entry No. 74),[1] to which the respondent filed a response (Docket Entry No. 86), and the movant filed a reply (Docket Entry No. 87).

## I. PROCEDURAL BACKGROUND

---

[1] The movant's filings are styled, respectively as, "Request For '*Nunc Pro Tunc*' Designation Of Defendant Motion To Vacate, Set Aside, Or Correct Sentence Pursuant to §§ 2255" and "'Nunc Pro Tunc' Back To Filing Of Reply Brief §§ 2255." (Docket Entry Nos. 73, 74.) Hereinafter, these filings will be referred to as the movant's Motion To Amend Motion To Vacate, Set Aside, Or Correct Sentence and his supplemental memorandum.

On December 8, 2005, a federal jury convicted the movant of possession with intent to distribute less than five kilograms of cocaine in violation of 21 U.S.C. § 841(a) and conspiracy to distribute and possess with intent to distribute less than five kilograms of cocaine in violation of 21 U.S.C. § 846. (Criminal Case No. 3:04-cr-0074, Docket Entry No. 182.) The jury acquitted the movant on counts charging him with unlawful distribution and possession with intent to distribute crack cocaine in violation of § 841(a)(1) and for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). *Id.*, Docket Entry No. 182. The court sentenced the movant to 262 months of imprisonment and six years of supervised release. *Id.*, Docket Entry No. 210. The Sixth Circuit affirmed the movant's convictions, but remanded for resentencing. *Zirker v. United States*, 253 F. App'x 573 (6th Cir. 2007). After remand, the court sentenced the movant to 130 months of imprisonment and to six years of supervised release, with 60 months in a halfway house. (Criminal Case No. 3:04-cr-0074, Docket Entry Nos. 260, 261, 286.) On April 30, 2008, the court entered its judgment. Id., Docket Entry No. 261. The movant did not file a direct appeal.

On April 13, 2009, the movant, acting *pro se*, filed his Motion To Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 by placing it in the prison mailing system. (Civil Case No. 3:09-cv-00403, Docket Entry No. 1, at 6.) The court granted the movant's motions to supplement his motion to vacate and appointed the Federal Public Defender to represent the movant. (Docket Entry Nos. 5, 7, 8, 12.) On August 12, 2009, after conducting a preliminary examination of the movant's motion pursuant to Rule 4, Rules–Section 225 Proceedings and determining that the movant's claims for ineffectiveness of counsel were not frivolous, the court directed the respondent to file a response. (Docket Entry No. 13.) On October 22, 2009, the respondent filed a response asserting that the movant's claims were without merit and the action be dismissed. (Docket Entry

No. 23.) The movant's appointed counsel filed two motions for extensions of time to file a reply (Docket Entry Nos. 25, 31), citing the need to obtain documents that the movant was requesting and the difficulty in communicating with the movant who was incarcerated in Texas and then was moved to a facility in California. The court granted these motions. (Docket Entry Nos. 27, 32.) On April 11, 2011, in response to the court's March 11, 2011 Order (Docket Entry No. 47), the movant's counsel filed a status report (Docket Entry No. 50), stating that counsel had difficulty understanding the movant's allegations, that counsel had been unable to meet with the movant to discuss the movant's allegations, as the movant had been moved to different prisons several times, that counsel expected to fly to meet with him within "the next couple of months," and that, after that meeting, counsel could obtain any necessary outstanding discovery and complete the movant's reply. The movant's counsel did not file a reply.

In its November 11, 2011 Memorandum, the court summarized the movant's claims as follows:

> As to Movant's specific claims, Movant asserts his trial counsel's failures: (1) to object to witness testimony and documentary evidence about Movant's rental of a storage unit; (2) to impeach government witnesses; (3) to object to the court's jury instruction on direct and circumstantial evidence; (4) to interview government witnesses; (5) to present mitigating evidence provided by Movant; (6) to file pre-trial motions based on Movant's *pro se* motions; (7) to meet with Movant before trial; (8) to file a motion to suppress evidence based on government misconduct; (9) to request a severance; (10) to object to the verdict form; (11) to object to the government's closing arguments; (12) to raise a Brady violation; (13) to raise a Fourth Amendment violation based on an alleged improper traffic stop; (14) to raise mitigating evidence at the preliminary examination; (15) to challenge the suggestive photograph identification at trial; (16) to object at sentencing to information in the presentence report; and (17) to object to the drugs and gun admitted at trial. As to his appellate counsel, Movant contends that his counsel failed to present Movant's Fourth Amendment claim on his direct appeal.

(Docket Entry No. 54, at 1-2). The court concluded that these claims were without merit, dismissed the action with prejudice, and declined to issue a Certificate of Appealability. (Docket Entry Nos. 54, 55.)

On January 11, 2012, the movant's counsel filed a Motion To Reconsider (Docket Entry No. 57), requesting the court to reconsider its Order of dismissal, citing as grounds: (1) the movant's difficulty in explaining his claims because of the movant's limited education; (2) counsel's difficulty in meeting with the movant because of the movant's prison transfers; (3) counsel's having to cancel her trip to meet the movant because of her ankle surgery; and (4) in the interest of justice to allow the movant four months to complete his investigation of the case and file a memorandum of law through his counsel. The respondent did not file a response. On April 23, 2012, the court granted the movant's motion, giving the movant 60 days to submit any additional proof. (Docket Entry No. 58.) On June 23, 2012, the movant's counsel filed a Memorandum Of Law In Support Of 2255 Motion (Docket Entry No. 59). On July 19, 2012, the respondent filed its response (Docket Entry No. 62). The movant's memorandum (Docket Entry No. 59) remains pending.

On May 15, 2013, in the movant's criminal action, the court modified the movant's condition of supervised release that the movant reside in a halfway house for 60 months by reducing it to 54 months in a halfway house. (Criminal Case No. 3:04-cr-00074, Docket Entry No. 301.) On August 8, 2013, the court modified the movant's sentence to 120 months in custody and six years of supervised release with 24 months in a halfway house. *Id.*, Docket Entry No. 308. On August 22, 2013, the movant began his term of supervised release. *Id.*, Docket Entry No. 310. On January 29, 2014, the movant's counsel filed a motion to withdraw in the movant's civil action, which the court granted. (Civil Case No. 3:09-cv-00403, Docket Entry Nos. 66, 67.)

4

On April 3, 2014, the court ordered the issuance of a summons for the movant's noncompliance with conditions of supervised release. (Criminal Case No. 3:04-cr-00074, Docket Entry No. 313.) On April 7, 2014, the movant was released pending a revocation hearing that was held on June 20, 2014, where the movant conceded that he violated the terms of his supervised release. *Id.*, Docket Entry Nos. 319, 325. At the movant's October 3, 2014 revocation hearing, the court vacated the 24-month placement in the halfway house and extended the movant's term of supervised release one additional year. Upon successful completion of that one year, the movant's remainder period of supervised release would terminate on October 2, 2015. *Id.*, Docket Entry Nos. 335, 337.

On December 8, 2014, the court ordered the issuance of a warrant for the movant's noncompliance with conditions of supervised release. *Id.*, Docket Entry No. 341. On April 8, 2015, the movant was detained pending a revocation hearing. *Id.*, Docket Entry No. 351. On September 1, 2015, after several continuances of the revocation hearing, the Honorable William J. Haynes, Jr., Senior Judge, recused himself, and the criminal action was reassigned to the undersigned. *Id.*, Docket Entry No. 374. On October 1, 2015, the court conducted a revocation hearing, finding that the movant violated two conditions of supervised release, but postponed the imposition of a penalty until disposition of new federal criminal charges on which the movant was being detained. *Id.*, Docket Entry Nos. 388, 389.

On March 17, 2016, the movant filed a *pro se* Motion To Amend Motion To Vacate, Set Aside, Or Correct Sentence (Docket Entry No. 73) and supplemental memorandum (Docket Entry No. 74), to which the respondent filed a response (Docket Entry No. 86), and the movant filed a reply (Docket Entry No. 87). (Civil Case No. 3:09-cv-00403.)

5

On July 22, 2016, the court conducted a further hearing on the sanction to be imposed for the movant's violations of conditions of supervised release and revoked the movant's supervised release, sentencing him to time served, to be followed by 18 months of supervised release. (Criminal Case No. 3:04-cr-00074, Docket Entry Nos. 398, 399.)[2]

Due to the retirement of Judge Haynes on January 16, 2017, and pursuant to Administrative Order No. 138, this civil action was transferred to the undersigned. (Civil Case No. 3:09-cv-00403, Docket Entry No. 88.)

## II. THE INSTANT MOTIONS

The movant's appointed counsel filed a Memorandum Of Law In Support Of 2255 Motion (Docket Entry No. 59) in support of the movant's motion to reconsider, presenting three grounds for relief. First, the movant argues that appellate counsel's ineffectiveness in failing to raise the speedy trial claim on direct appeal constitutes "cause" in excusing his procedural default of that claim. *Id*. at 1-2. Second, the movant argues that his trial counsel was ineffective for failing to present impeachment evidence that he rented a storage unit. *Id*. at 2. Third, the movant argues that his trial counsel was ineffective for failing to impeach Nathan Morgan with Ashley Tillman's proffers that refute that the movant delivered drugs to Roosevelt Pitts and Tillman and with Morgan's prior statement about an individual named "Capone." *Id*. at 3.

The movant filed a *pro se* Motion To Amend Motion To Vacate, Set Aside, Or Correct Sentence (Docket Entry No. 73) and supplemental memorandum (Docket Entry No. 74), asserting, in essence, claims for ineffective assistance of trial counsel for counsel's failure to: (1) object to

---

[2]On July 20, 2016, the court granted the government's motion to dismiss the new federal criminal charges against the movant and that action was dismissed. (Criminal Case No. 3:04-cr-00074, Docket Entry No. 403, at 2-3; Criminal Case No. 3:15-cr-00152, Docket Entry Nos. 72, 73.)

testimony about the movant's use of a storage unit; (2) impeach government witnesses with their inconsistent statements; (3) object to the court's jury instructions or drug quantity findings; (4) object to testimony and evidence at trial that the prosecution knew or should have known was false; and (5) object to the suggestive photograph identification at trial. The movant also asserts that postconviction counsel was ineffective for failing to file a reply brief in response to the respondent's answer to the movant's § 2255 motion.

Having carefully considered the record, the court concludes that an evidentiary hearing is not needed. *See Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003) (an evidentiary hearing is not required when the record conclusively shows that the movant is not entitled to relief). Consequently, the court shall dispose of the § 2255 motion as the law and justice require. Rule 8(a), Rules– § 2255 Cases.

### III. ANALYSIS OF THE CLAIMS

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion, a movant "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which

7

inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks and additional citation omitted)).

A § 2255 motion is not a substitute for a direct appeal. Consequently, as a general rule, any claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the movant shows "(1) 'cause' excusing [the] procedural default, and (2) 'actual prejudice' resulting from the errors," *United States v. Frady*, 456 U.S. 152, 168 (1982), or demonstrates that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted). A claim of ineffective assistance of counsel is not subject to the procedural-default rule. *Massaro v. United States*, 538 U.S. 500, 504 (2003). An ineffective-assistance claim may be raised in a collateral proceeding under § 2255 regardless of whether the movant could have raised the claim on direct appeal. *Id*.

**A. Claims Raised in Memorandum in Support of Motion for Reconsideration**

The movant's appointed counsel filed a Memorandum Of Law In Support Of 2255 Motion (Docket Entry No. 59) in support of the movant's motion to reconsider, presenting three grounds for relief. First, the movant asserts that the court erred in finding that the movant's speedy trial claim was procedurally barred because he failed to raise it on direct appeal and argues that the movant's appellate counsel's ineffectiveness in failing to raise the claim on direct appeal provides "cause" in excusing his procedural default. *Id*. at 1-2. The respondent contends that appellate counsel was not ineffective for failing to raise the speedy trial claim on appeal because the speedy trial claim lacked merit. (Docket Entry No. 62, at 2.)

To establish ineffective assistance of counsel, the movant must demonstrate "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). If the movant fails to make either of these showings, the ineffectiveness claim is defeated. *Id.* at 700. In *Strickland*, the Supreme Court cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and must avoid the "second-guess[ing of] counsel's assistance . . . [, as] it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id.* at 689. To avoid "the distorting effects of hindsight," a reviewing "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action 'might be considered sound trial strategy.'" *Id.* (citation omitted).

To establish that counsel's performance was deficient under *Strickland*, a movant "must identify acts that were 'outside the wide range of professionally competent assistance.'" *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (quoting *Strickland*, 466 U.S. at 690). In evaluating whether a movant has received counsel that falls short of what the Sixth Amendment guarantees to a defendant, "[i]t will generally be appropriate for a reviewing court to assess counsel's overall performance throughout the case in order to determine whether the 'identified acts or omissions' overcome the presumption that a counsel rendered reasonable professional assistance." *Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986) (quoting *Strickland*, 466 U.S. at 690).

In evaluating the prejudice prong, courts must be mindful that "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Indeed, "[v]irtually every act or omission of counsel would meet that

9

test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id*. (citation omitted). Rather, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Williams v. Taylor*, 529 U.S. 362, 391 (2000) (quoting *Strickland*, 466 U.S. at 694).

Here, the movant does not allege any calculation of time that would support a viable speedy trial claim. The movant raised this claim *pro se* twice before trial. (Criminal Case No. 3:04-cr-74, Docket Entry Nos. 81, 121.) The movant's trial counsel also filed a motion to dismiss, asserting a violation of the Speedy Trial Act. *Id*., Docket Entry No. 119. The court addressed these motions at an evidentiary hearing on November 18, 2005. *Id*., Docket Entry No. 143, at 39-46. In denying the motions, the court concluded that, based upon the time for deciding numerous motions and addressing the movant's letters, the movant's competency and psychiatric evaluations, and the motions to continue filed by the defense and the government that were in the interest of justice, only 31 days of the 70 day time period in the Speedy Trial Act expired. *Id*., Docket Entry No. 143, at 43; Docket Entry No. 135. Thus, based upon the record, the movant fails to demonstrate that appellate counsel was ineffective for not raising a speedy trial claim on appeal, as this claim lacks merit. *See Willis v. Smith*, 351 F.3d 741, 745 (6th Cir. 2003) ("'[A]ppellate counsel cannot be ineffective for a failure to raise an issue that lacks merit.'") (quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).

Second, the movant argues that his claim about the storage unit was not only that his trial counsel was ineffective for failing to object to the government's proof about the storage unit, but

also for failing to present at trial a letter from Abbott Self Storage to impeach the witness from Abbott Self Storage. (Civil Case No. 3:09-cv-00403, Docket Entry No. 59, at 2.) At trial, the government introduced evidence of the movant's storage rental records at Abbott Self Storage. (Criminal Case No. 3:04-cr-74, Docket Entry No. 227, 101-104.) In its previous Memorandum, the court stated, "Anna Richardson testified that a storage unit was rented in Movant's name. . . . Government's Exhibit 4 is a rental agreement addendum for Abbott Self Storage bearing Movant's name and a copy of his driver's license." (Civil Case No. 3:09-cv-00403, Docket Entry No. 54, at 9.) The movant does not dispute the contents in Exhibit 4. Nathan Morgan testified that Morgan rented the Shurgard Storage unit, but that the movant rented the other storage unit because Morgan needed to move the drugs from the Shurgard unit, and Morgan could not put the drugs in another storage unit in Morgan's name because the "feds were looking for" him. (Criminal Case No. 3:04-cr-74, Docket Entry No. 227, 119-121.) The movant's counsel questioned Gloria Sparkman, a manager at Shurgard, who testified that the movant's name was not on the Shurgard storage lease. *Id.*, Docket Entry No. 227, at 114-117. Thus, as to the first part of this contention, the movant fails to show that trial counsel was ineffective.

As to the second part of his contention, the movant argues that trial counsel was ineffective for failing to introduce a letter purportedly from Abbott Self Storage to impeach Richardson at trial. In his letter, the movant requests, "Could you please send me the subpoena that the DEA or any other state or government agency to go into my storage unit or any other paperwork," to which he received the following response: "We have no record of you having a storage unit at this facility and DEA has not gone thru any of our units." (Civil Case No. 3:09-cv-00403, Docket Entry No. 59-1.) The movant's letter does not reflect to whom it was addressed or if it was sent to Abbott Self

11

Storage. Moreover, there is no evidence that the response came from Abbott Self Storage. The response is simply signed "Management" and does not include the name of any Abbott Self Storage manager or employee who could testify to the authenticity of the letter. The movant fails to show that this letter would have been admissible at trial. Accordingly, the court concludes that this contention lacks merit.

Third, the movant argues that his trial counsel was ineffective for failing to impeach Morgan with Ashley Tillman's proffers that refute that the movant delivered drugs to Pitts and Tillman. (Docket Entry No. 59, at 3). The movant contends that, although the court held that the jury was not required to find specific quantities of drugs, on the court's verdict form the jury determined that the movant was guilty of conspiracy to distribute and possess with intent to distribute less than 5 kilograms of cocaine. *Id*. The movant also argues that his trial counsel was ineffective in failing to impeach Morgan's testimony that the movant "solely possessed" the cocaine, as Morgan stated that he often gave cocaine to "Capone" to deliver to the movant. *Id*. The court previously addressed in its Memorandum the movant's argument about his counsel's ineffectiveness in failing to impeach Morgan with Tillman's proffers and regarding "Capone." (Docket Entry No. 54, at 10). The movant does not cite any additional facts or evidence in support of these contentions.

As to the movant's contention that his trial counsel was ineffective for failing to impeach Morgan with Tillman's proffers, the court found that the movant's counsel made the strategic decision to challenge Morgan's credibility on other bases. *Id*. at 10. Specifically, the movant's counsel referred to Morgan's April 8, 2004 proffer where Morgan falsely stated that the movant did not visit him at any of the hotels where Morgan stayed. (Criminal Case No. 3:04-cr-74, Docket Entry No. 227, 167-170.) Tillman stated in her April 8, 2004 proffer that she picked up 1.5 or 2

kilograms of cocaine and between $10,000 to $20,000 from the movant, which she delivered to Morgan. (Civil Case No. 3:09-cv-00403, Docket Entry No. 1-3, at 24.) The court concludes that trial counsel was not ineffective, as trial counsel adequately challenged Morgan's credibility through other means, and the movant was not prejudiced by his counsel's decision not to question Morgan regarding Tillman's proffer.

The court also previously addressed the movant's claim that trial counsel should have impeached Morgan about "Capone," concluding "that Movant's trial attorney impeached Morgan about whether he had seen Movant at the hotels" and "that given the proof at Movant's trial any omission by his counsel would not be prejudicial as required under *Stirckland*." (Docket Entry No. 54, at 10.) The court concludes that Morgan's credibility was adequately challenged and that any additional impeachment on the collateral issue of whether Morgan may have received cocaine from someone other than the movant would not have led to a different result, given the evidence against the movant.

Lastly, Tillman's April 8, 2004 proffer that she picked up 1.5 or 2 kilograms of cocaine and $10,000 to $20,000 from the movant and delivered them to Morgan is consistent with the jury's finding the movant guilty of conspiracy to distribute and possess with intent to distribute less than 5 kilograms of cocaine. Further, addressing on direct appeal the movant's argument that the jury compromised on the verdict because the evidence, if believed, would have proven the presence of more than 5 kilograms, the Sixth Circuit noted that "[s]uch allegedly inconsistent verdicts, however, do nothing more than demonstrate the jury's leniency." *Zirker v. United States*, 253 F. App'x 573, 579 n.5 (6th Cir. 2007). Accordingly, the court concludes that this claim lacks merit.

**B. Claims Raised in the Motion to Amend**

The movant filed a *pro se* Motion To Amend Motion To Vacate, Set Aside, Or Correct Sentence (Docket Entry No. 73) and supplemental memorandum (Docket Entry No. 74), asserting, in essence, claims for ineffective assistance of trial counsel for counsel's failure to: (1) object to testimony about the movant's use of a storage unit; (2) impeach government witnesses with their inconsistent statements; (3) object to the court's jury instructions or drug quantity findings; (4) object to testimony and evidence at trial that the prosecution knew or should have known was false; and (5) object to the suggestive photograph identification at trial. The movant also asserts that postconviction counsel was ineffective for failing to file a reply brief in response to the respondent's answer to the movant's § 2255 motion.

The respondent asserts that (1) this court lacks jurisdiction to decide the movant's claims because they constitute a second or successive motion for § 2255 relief that was not certified by the Sixth Circuit; (2) the movant's claims are time barred by the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations; (3) the movant does not meet the "in custody" requirement necessary to file a § 2255 motion; and (4) the movant's claims for ineffective assistance of counsel lack merit, and the movant fails to present either new evidence or extraordinary circumstances that would change the court's earlier ruling.

1. *Jurisdiction*

As an initial matter, the movant was not required to seek authorization from the Sixth Circuit to file a second or successive § 2255 motion because the court granted the movant's motion to reconsider, and this action remained open. On November 11, 2011, the court denied the movant's original *pro se* motion to vacate. (Docket Entry No. 55.) On January 11, 2012, the movant's appointed counsel filed an untimely motion to reconsider. (Docket Entry No. 57.) The respondent

did not file a response, and, on April 23, 2012, the court granted the movant's motion, giving the movant sixty days to submit any additional proof on his claims. (Docket Entry No. 58.)

"Under Fed. R. App. P. 4(a)(4)(A)(iv), a timely Rule 59(e) motion automatically tolls the period for filing a notice of appeal. Because a Rule 59(e) motion only 'operates to suspend the finality of the [district] court's judgment,' it is not a collateral action." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (citations omitted) (alteration in original); 12 James Wm. Moore et al., *Moore's Federal Practice* § 59.32[1] at 59-126 (3d ed. 2016) ("A timely post-judgment motion eliminates the finality of, and reopens, the earlier judgment."). Yet, an untimely Rule 59(e) motion "does not have the same effect." *National Ecological Foundation v. Alexander*, 496 F.3d 466, 474 (6th Cir. 2007). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Rule 6(b)(2) prohibits a district court from extending this 28-day time period. Fed. R. Civ. P. 6(b)(2). The Sixth Circuit has held that Rules 6 and 59 are "claim-processing rules, meaning that federal courts can recognize equitable exceptions to them." *Wallace v. FedEx Corp.*, 764 F.3d 571, 583 n.6 (6th Cir. 2014). The Sixth Circuit has explained that jurisdictional rules (where the timelines are dictated by statute) are mandatory and their time limits cannot be waived, and claim-processing rules (where the timelines are dictated by procedural rules and time prescriptions adopted by the court) are not jurisdictional and their time limits can be waived. *Cook v. United States*, 246 F. App'x 990, 994 (6th Cir. 2007). Thus, "the time limits set by Rules 6 and 59(e) constitute an affirmative defense to an untimely Rule 59(e) motion, which the party opposing the motion is capable of forfeiting." *Nat'l Ecological*, 496 F.3d at 474; *Cook*, 246 F. App'x at 994 ("Federal Rules of Civil Procedure 59(e) and 6(b) are claim-processing rules

because their time limits are not statutorily imposed. Therefore, such rules may be waived absent a timely objection.") (citation omitted); *Wallace*, 764 F.3d at 584.

Here, the respondent did not object to the timeliness of the movant's motion to reconsider, thereby waiving that defense. Thus, because this action remained pending after the court's granting of the movant's motion to reconsider, the movant's motion to amend is not a second or successive petition, requiring Sixth Circuit authorization for this court to consider.

Further, at the time of filing his motion to amend, the movant was still serving his sentence on supervised release, which is now set to terminate in January 2018. Thus, the movant is "in custody" for purposes of considering his § 2255 motion. *See United States v. Sandles*, 469 F.3d 508, 517-18 (6th Cir. 2006) ("Because Sandles was still serving his sentence on supervised release at the time that he filed his petition, he could only challenge the validity of his conviction by means of a motion to vacate his sentence under 28 U.S.C. § 2255."); *United States v. Sferrazza*, 645 F. App'x 399, 405 (6th Cir. 2016) (recognizing that a defendant completing her supervised release was "in custody" and therefore the writ of *coram nobis* was not available to her); *United States v. Francis*, No. 5:04-CR-74-KSF, 2010 WL 6428639, at *3 (E.D. Ky. Dec. 30, 2010), report and recommendation adopted, No. 5:04-CR-74-KSF, 2011 WL 1303275 (E.D. Ky. Apr. 1, 2011) (a pending term of supervised release meets the "in custody" requirement for pursuing § 2255 relief).

### 2. *Statute of Limitations*

The respondent asserts that the movant's claims in his motion to amend are time barred under the AEDPA. Section 2255 has a one-year limitations period that commences from the latest of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Pursuant to 28 U.S.C. § 2242, a federal habeas petition may be amended according to the requirements set forth in Federal Rule of Civil Procedure 15. *See Oleson v. United States*, 27 F. App'x 566, 568-570 (6th Cir. 2001) (stating that the mandate of Fed. R. Civ. P. 15(a), that a court freely grant leave to amend when justice so requires, has been interpreted to allow supplementation and clarification of claims initially raised in a timely § 2255 motion). However, "[a]ny attempt to raise a new claim for relief in a Rule 15 motion to amend pleadings is subject to AEDPA's one-year statute of limitations." *Howard*, 533 F.3d at 475. Thus, "a Rule 15 motion will be denied where it is filed after that period expires unless the proposed amendment relates back to the date of the original pleading within the meaning of Rule 15(c)[(1)]." *Id*. at 475-76. "Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings 'arose out of the conduct, transaction, or occurrence set out . . . in the original pleading.'" *United States v. Clark*, 637 F. App'x 206, 209 (6th Cir.), *cert. denied*, 136 S. Ct. 2032, 195 L. Ed. 2d 234 (2016) (quoting Fed. R. Civ. P. 15(c)(1)(B)).

In *Mayle v. Felix*, 545 U.S. 644 (2005), the Supreme Court stated that "[a]n amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original

pleading set forth." *Id*. at 650. The Supreme Court explained that, "[i]f claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance." *Id*. at 662. Therefore, "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Id*. at 664.

Here, the movant's conviction became final in May 2008, and any claims in his amended complaint are untimely unless they relate back to his original motion to vacate. The movant's claims for ineffective assistance of trial counsel are essentially the same as those that were denied in the court's prior Memorandum. (Docket Entry No. 54). As to his claims that his trial counsel was ineffective for not objecting to testimony about the movant's use of a storage unit, for not impeaching Morgan with his own and other witnesses' statements regarding the movant's sole possession of the cocaine, and for not objecting to testimony and evidence that the prosecution knew or should have known was false (Docket Entry No. 73, at 3-6; Docket Entry No. 74, at 1-2), the court addressed these claims in its prior Memorandum (Docket Entry No. 54, at 8-10), as well as in its discussion above relating to the movant's motion to reconsider. The movant does not provide any additional or new facts that would alter the court's conclusions.

To the extent the movant asserts that his trial counsel was ineffective for not objecting to jury instructions that created "inferences" (Docket Entry No. 73, at 3, 7), the court addressed this issue, stating that the "jury instructions as a whole, and the weight of the government's evidence, negate Movant's argument that his counsel was ineffective in this regard." (Docket Entry No. 54, at 12.) The movant fails to assert anything to alter the court's prior ruling. As to the movant's claim

18

regarding the drug quantity findings (Docket Entry No. 73, at 6), the court previously addressed that issue in this Memorandum.

The movant's claim that counsel failed to object to the suggestive photograph identification at trial (Docket Entry No. 73, at 4) was previously addressed by the court. The court noted that "ATF Special Agent Wayne Kilday testified at trial that when he showed the photograph to [Dale] Jennings, he covered up Movant's name, and showed other photographs at the same time." (Docket Entry No. 54, at 16; Criminal Case No. 3:04-cr-0074, Docket Entry No. 229, at 9-10.)[3] The movant's counsel also questioned Jennings about the movant's name appearing on the photograph and reminded the jury that the movant's name was on top of the photograph identified by Jennings. *Id*.; Criminal Case No. 3:04-cr-0074, Docket Entry No. 228, at 97 and Docket Entry No. 229, at 53. As the court concluded, "Given these challenges to Jennings's credibility and the validity of his identification of Movant, it was hardly ineffective for his attorney to not move to strike the photograph." *Id*. at 17. The movant does not provide any additional or new facts that would alter the court's prior conclusion.

To the extent that the movant is asserting a separate prosecutorial misconduct claim (Docket Entry No. 73, at 3), such a claim is conclusory and factually unsupported. This claim also does not relate back to any specific claim and should be dismissed as time barred.

Finally, as to the movant's claim that postconviction counsel was ineffective for failing to file a reply brief in response to the respondent's answer to the movant's § 2255 motion, this claim does not relate back to the filing of the movant's motion to vacate and is time barred. Moreover, a claim that one was denied effective assistance of counsel will lie only in those instances where

---

[3]Citations of the transcripts are to the court's ecf pagination.

counsel was constitutionally required. *Coleman v. Thompson*, 501 U.S. 722, 752-54 (1991). The movant does not have a constitutional right to counsel in his § 2255 proceedings and therefore cannot assert a claim for ineffectiveness of counsel. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Further, the movant cannot show any prejudice by postconviction counsel's alleged failure to file a reply brief, as postconviction counsel filed a motion to reconsider, which the court granted, and a supplemental memorandum in support.

## IV. CERTIFICATE OF APPEALABILITY

When the district court denies a ground for relief on the merits in a habeas corpus action, a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the standard being whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the movant has not made a substantial showing of a constitutional right as to any of his three claims, a certificate of appealability will not issue with respect to any of those claims.

## V. CONCLUSION

For all of the reasons stated, the movant's Motion To Amend Motion To Vacate, Set Aside, Or Correct Sentence (Docket Entry No. 73) and Memorandum Of Law In Support Of 2255 Motion (Docket Entry No. 59) will be DENIED. The court REAFFIRMS the court's prior Memorandum and Order (Docket Entry Nos. 54, 55). This action will be dismissed.

An appropriate order shall enter.

_____
Aleta A. Trauger
United States District Judge